Weldon, J.,
delivered the opinion of the court:
This proceeding is based on a letter from the Secretary of the Treasuiy ti’ansmitting the matter to the court upon the request of the Comptroller of the Treasuiy.
The letter of the Comptroller of the Treasury to the Secretary of the Treasury, requesting that the matter be transmitted to the Court of Claims, under the authority of section 2 of the act of March 3,1883 (22 Stat. L., 485), is as follows in its material parts:
“March 14, 1901.
“The honorable the Secretary oe ti-ie Treasury.
“Sir: I forward herewith the claim of William J. Glenn, now pending in this office, for difference of pay between that of colonel of the 14th Penna. Infantry and that of brigadier-§eneral while acting, as alleged, as brigade commander from eptember 13 to 19, 1898, and from September 26 to October 6, 1898, and from November 1 to December 6, 1898, all dates inclusive. As this claim involves controverted questions of fact and law, and a decision thereon will affect a class of cases pending in this Department, I have to request that it be transmitted to the Court of Claims under the authority of section 2 of the act of March 3, 1883 (22 Stats., 485), commonly called the Bowman Act.
‘ ‘ This claim was presented under and based upon section 7 *257 of the act of April 26, 1898 (30 Stats., 365), reading, so far as material, as follows:
“ ‘That in the time of war every officer serving with troops operating against an enemy who shall exercise, under assignment in orders issued by competent authority, a command above that pertaining to his grade shall be entitled to receive the pay and allowances of the grade appropriate to the command so exercised: Provided, That a rate of pay exceeding that of a brigadier-general shall not be paid in any case by reason of such assignment.’
“It is conceded that Colonel Glenn was assigned, in orders issued by competent authority, to an alleged command above that pertaining to his grade of colonel. The main question upon which a decision is requested is— “
“ Was the alleged brigade to which this officer was assigned a legal brigade within the meaning of the law, for any or all the different times for which the difference of pay is claimed! “
“ Section 1114, Revised Statutes, making the command of a brigadier-general to consist of a brigade composed of two regiments of infantry or cavalry, has been superseded in time of war by section 9, act of April 22, 1898 (30 Stat., 362), which provides—
“ ‘That in time of war, or when war is imminent, the troops in the service of the United States, whether belonging to the Regular or Volunteer Army or to the militia, shall be organized, as far as. practicable, into divisions of three brigades, each brigade to be composed of three or more regiments; and whenever three or more divisions are assembled in the same army the President is authorized to organize them into army corps, each corps to consist of not more than three divisions.’”
“The organization of a regiment is provided for in sections 1 and ^2, act of April 26, 1898 (30 Stat., 364), as follows: ‘ ‘ ‘ Section
‘ ‘ ‘ Section 1. That hereafter the peace organization of each regiment of infantry now in service shall embrace * * * two battalions of four companies each, and two skeleton or unmanned companies, the organized companies being constituted as now authorized by law.
“ ‘ Section' 2. That upon a declaration of war, by Congress, ora declaration by Congress that war. exists, the President, in his discretion-, may establish a third battalion for each infantry regiment, consisting of four companies, to be supplied by manning the two skeleton companies and by organizing two additional companies.’
” In pursuance of the provisions of this act the Secretary of War issued the following order, dated April 27, 1898: “
“ ‘By direction of the President, and to carry out the provisions of an act for the better organization of the line of the Army of the United States, approved April 26, 1898, a third *258 battalion will be established for each infantry regiment, and company, troop, and battery organizations provided for in that act will be recruited to their war strength.’
“The Auditor for the War Department disallowed the claim for reasons stated as follows:
‘“His claim for pay as brigade commander for periods claimed is disallowed, as records show that the brigade he commanded, during the periods he was in command, had less than three full regiments, the appropriate command of a brigadier-general, as recognized by law, during time of war.’
* * * * » * -X-
“The questions submitted are:
“1. To entitle a person to the pay of a brigadier-general for exercising the command of a brigadier-general, under orders issued by competent authority in time of war, is it necessary for the period for which he claims such pay that he command three regiments, each organized with twelve companies, and each company organized as provided by section 2 of the act of April 26, 1898 (30 Stat., 364)?
“2. Is it competent for the accounting officers in settling a claim for exercising a1 higher command to go behind authority given such colonel, assigning him to the command of a certain brigade in such order set out, to inquire as to the number of regiments composing the alleged brigade and the number of companies composing each regiment?
“3. What is to be termed a brigade within the purview of the law granting pay for exercising a higher command?
“4. In order to receive pay for exercising- such higher command is it necessary that during the particular period for which he exercises such command that ho be actually in command of three regiments, each consisting at the time of twelve organized companies?
“5. Under the facts herein recited, as applicable to Col. William J. Glenn, is he entitled to the pay of a brigadier-general for the periods therein set out?
“As there are many cases now pending involving the same point as the one now under consideration, which must await the decision in this case, it is requested that the court be asked to advance this on its docket and to render a speedy decision.
“A return of the original papers is requested.
“ Respectfully,
“R. J. Teacewell, Comptroller.”
It is stated in the communication of the Comptroller to the Secretary that it is conceded that Colonel Glenn was assigned, by orders issued by competent authority, to an alleged command above that pertaining to his grade of colonel.
*259 The main question is, Was the alleged brigade to which the officer was assigned a brigade within the meaning of the law at any or all the different ■ times for which the difference of pay is claimed?
The difficulty arises from the fact, as stated by the Auditor of the War Department, that during the time that the claimant was in command of the Second Brigade it was composed of less than three full regiments; and hence the question involved is whether the pay of the claimant as a brigade commander is thereby limited because of such fact to the emolument of a colonel of a regiment.
In answer to the first question propounded by the letter of the Comptroller it may be said that the second section of the act to which reference is made in the inquiry leaves it discretionary with the President in a condition of war to organize a regiment consisting of twelve companies by making a third battalion for each regiment consisting of four companies by uniting skeleton companies and by organizing two additional companies. (30 Stat. L., 364.)
Whatever may have been done by the President in pursuance of the discretionary power conferred on him by that act, the condition established by the facts of this case shows that there, was a state of organization existing in the troops composing the force in which the claimant performed the service of brigadier, indicating that the order given by the President had not at the time of the rendition of the service been carried into effect in the reorganization of the troops commanded by the claimant.
The statute on which the claim is made (30 Stat. L., 362) was passed by Congress on the 22d of April, 1898, but four days before the act of the 26th of April, 1898 (30 Stat. L., 364), and they both form a part of the policy intended by Congress in the government of the Army incident to the then condition of war with Spain.
The first statute has reference to a policy which is applicable to a condition of immediate necessity which may arise in the immediate exigency of war, and the other, from a more settled policy of military organization. -
The first statute provides:
“That in time of war, or when war is imminent, the troops in the service of the United States, whether belonging to the *260 Regular or Volunteer Army, or to the militia, shall be arranged as far as practicable into divisions of three brigades, each brigade to be composed of three or more regiments.”
The language of the law indicates a power to deal with conditions, and the only qualification on the exercise of power is that it shall be exercised in the formation of brigades as far as practicable.
It is the duty of the officer, whoever he may be, to organize the Army as far as practicable into divisions of three brigades, each brigade to be composed of three or more regiments. The officer whose duty it is to organize the force under his command is to exercise his power in the organization in good faith, having in view the highest efficiency of his force, and having divisions composed of three brigades, and each brigade to be composed of three or more regiments. He is compelled to deal with the force as he finds it in attaining the purpose of the statute, in having it organized into divisions, and if practicable to have such divisions composed of brigades having the full complement of three or more regiments.
He must meet the requirements of the law as near as he can, and the presumption of law is that the organization was effected upon that line of organization. It is conceded that the claimant was assigned in orders by competent authority to the command for which he is now claiming additional compensation.
In answer, therefore, to the first inquiry it is not necessary that the claimant should have commanded three regiments organized with twelve companies, and each company organized as contemplated by section 2 of the act of April 26, 1898 (30 Stat. L., 364).
The substance of the second inquiry is, Can the accounting officers go behind the authority assigning the claimant to the command of a brigade and inquire as to the number of regiments composing the alleged brigade?
This presents a most difficult question of administrative law, as it affects the various departments of the Government in the adjustment of the pecuniary liabilities of the United States. Under the peculiar phraseology of the ninth section of the act 22d of April, 1898 (supra), the court decides that the accounting officers have no power to inquire into the wis *261 dom, expediency, or necessity of assigning an officer to a command above that appertaining to his grade; but it is competent for the accounting officers to inquire whether the order of assignment to higher command was carried into effect according to law, and to what extent the officer performed the service to which he was assigned.
In answer to the third inquiry, the substance of which is, What is to be termed a brigade within the purview of the law granting pay for exercising a higher command? This question is answered, as applicable to this case by the substance of the act of April 22,1898, and may be stated as follows: A brigade consists of three regiments or more, or as near thereto as it is practicable to be organized with the material of troops available under the peculiar circumstances of each condition. It is not an absolute and determined quantity, but of three full regiments or more where it is practicable to have it organized up to that maximum.
The fourth inquiry is in substance, Is it necessary, in order to recover pay for the higher command, that the force commanded by claimant should be up to the maximum of twelve organized companies ?' The answer to the first inquiry sufficiently answers this inquiry in the negative.
In answer to the fifth inquiry, the court decides that the claimant is entitled to recover the pay of a brigadier-general for the period indicated in the findings.
The claimant, in his petition filed under the reference by the Secretary of the Treasuiy, claims a judgment under the thirteenth section of the act of March 3, 1887 (24 Stat. L., 505), entitled “An act to provide for the bringing of suits against the Government of the United States,” and in pursuance of the thirteenth section of that act, the court awards a judgment in favor of the claimant for the sum of $311.10. A copy of the findings of the court, with a copy of this opinion, will be transmitted to the Secretary of the Treasury for the guidance and action of that Department.